IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT D. BYRNE, individually
and on behalf of others
similarly situated,**

       **Plaintiff,**

**v.**

**OREGON ONE, INC. an Oregon
corporation,**

       **Defendant.**

3:16-cv-01910-SB

**ORDER**

**BROWN, Judge.**

    Magistrate Judge Stacie Beckerman issued Findings and Recommendation (#22) on July 18, 2017, in which she recommends the Court deny Defendant Oregon One, Inc.'s Motion (#8) to Dismiss for Lack of Jurisdiction.  Defendant filed timely Objections (#24) to the Findings and Recommendation.  Plaintiff Robert D. Byrne timely filed his Response (#25) to Plaintiff's Objections.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561

1 - ORDER

F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

The Magistrate Judge and the parties relied on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as the seminal case on the issue of Article III standing to bring a claim for the alleged violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1692, *et seq*. The Court notes the Ninth Circuit recently revisited *Robins v. Spokeo* following remand from the United States Supreme Court. No. 11-56843, slip op. (9th Cir. Aug. 15, 2017). The Ninth Circuit held the plaintiff in that case satisfied the elements necessary for Article III standing to bring a claim for the defendant's alleged violation of the FRCA. The court concluded "the FCRA procedures were crafted to protect consumers' concrete interest in accurate credit reporting about themselves." Slip Op. at 15. The court then analyzed the plaintiff's allegations to determine "whether he had alleged the FCRA violations that actually harm, or at least that actually create a 'material risk of harm' to, this concrete interest." Slip op. at 15. The court concluded the plaintiff's claim "clearly indicates, at least in some way, [the plaintiff's] concrete interests in truthful credit reporting." Slip op. at 16. The court noted the Supreme Court decision "requires some examination of the nature of the specific alleged reporting inaccuracies to ensure that they raise a real risk of harm to the

concrete interests that FCRA protects."  Slip op. at 17.

The Magistrate Judge in this case thoroughly examined Plaintiff's allegations and concluded he sufficiently alleged a substantive violation of his rights, a material risk of harm, and an actual material risk of harm created by Defendant's alleged violation of FCRA requirements.  Accordingly, Plaintiff has satisfied the requirements of Article III standing.

This Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation (#22) and, therefore, **DENIES** Defendant's Motion (#8) to Dismiss for Lack of Jurisdiction.

The Court returns this matter to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED this 16th day of August, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge