IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT D. BYRNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OREGON ONE, INC., an Oregon corporation,<br><br>Defendant. | Case No. 3:16-cv-01910-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Robert Byrne ("Byrne") moves for relief from the Court's order and judgment granting final approval of the parties' class action settlement pursuant to Federal Rules of Civil Procedure ("Rule") 60(b)(5) or 60(b)(6). (Pl.'s Mot. Relief ("Pl.'s Mot.") at 2, ECF No. 101.) For the reasons discussed below, the Court grants Byrne's motion for relief.

### BACKGROUND

On September 29, 2016, Byrne, on behalf of himself and others similarly situated, filed this action against Defendant Oregon One, Inc. ("Oregon One"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) Byrne's claims focused on the debt collection letters that Oregon One sent to Byrne and other individuals, and Oregon One's

PAGE 1 – OPINION AND ORDER

response to Byrne's attempt to dispute and obtain information regarding his purported debt. *See Byrne v. Or. One, Inc.*, Case No. 3:16-cv-01910-SB, 2017 WL 3568412, at *1-4 (D. Or. July 18, 2017), *findings and recommendation adopted*, 2017 WL 3568398, at *1-2 (D. Or. Aug. 16, 2017) (denying Oregon One's motion to dismiss Byrne's complaint on the ground that he failed to satisfy the minimum constitutional requirements for Article III standing).

Following almost two years of contested litigation, Byrne filed an unopposed motion on July 13, 2018, to approve preliminarily a class action settlement, conditionally certify a proposed settlement class, direct notice, and set a final approval hearing. (ECF No. 74.) On August 6, 2018, the Court granted Byrne's motion and set a final approval hearing date of December 10, 2018. (ECF No. 79.) After the designated administrator provided notice to class members, Byrne filed an unopposed motion for final approval of the class action settlement. (ECF No. 91.)

Based on its review of the parties' settlement agreement and filings, as well as relevant legal authorities and arguments the parties presented at the December 10, 2018 hearing, the Court determined that "the settlement [was] fair, reasonable, and adequate and that granting final approval [was] in the best interests of the class," and "award[ed] attorney fees to Byrne's counsel in the total aggregate amount of $90,000, and a [class representative fee] payment of $3,500 to Plaintiff . . . , as outlined in the Stipulation as to Class Counsel's Motion for an Award of Attorney Fees, Expenses and Class Representative Service Award (ECF No. 89)."[1] (ECF No.

---

[1] The parties also agreed that Oregon One would cease collection of the class members' unpaid debts and the balance remaining on any judgments obtained against them, that Byrne was entitled to $1,000 in statutory damages and a class representative fee of $3,500, and that each of the remaining 157 class members would receive checks in the amount of $54.14 (i.e., the remaining $8,500 of the $13,000 in settlement funds for class members would be divided equally among 157 people). (*See* ECF No. 74-1 at 5-7, 9; ECF No. 91 at 13-14; ECF No. 99 at 6-7; *see also* ECF No. 91 at 13-14, emphasizing that Byrne verified that Oregon One's net worth was approximately $350,000 and, therefore, the class members could only be awarded $3,500 in "damages at trial" because "the FDCPA caps the total amount of statutory damages recoverable

PAGE 2 – OPINION AND ORDER

98.) The Court also entered an order granting Byrne's unopposed motion for final approval and entered final judgment that was "consistent with and according to" the terms of the order granting final approval. (ECF Nos. 99-100.) The order granting final approval provided that the Court "retain[ed] continuing jurisdiction over," among other things, the "distribution of the settlement payments, Class Representative Service Awards, . . . processing of claims permitted by the Agreement, . . . and . . . all parties to this Action and [class] members . . . for the purpose of enforcing and administering the Agreement." (ECF No. 99 at 6.)

On February 25, 2019, a few months after the Court entered final judgment, Oregon One filed a Chapter 7 bankruptcy petition in federal court. (Decl. Kelly Jones ("Jones Decl.") Ex. 1 at 1-7, ECF No. 102-1.) On September 23, 2019, class counsel filed proofs of claim in the bankruptcy proceeding on behalf of themselves, Byrne, and the absent class members. (Jones Decl. Ex. 2 at 2.) On August 19, 2022, the bankruptcy court docketed the trustee's final report and proposed payments to the applicants for compensation, including $1,066.76 for Byrne, $2,016.09 for the class members, and $21,335.08 for class counsel. (Jones Decl. Ex. 3 at 1-4.) Class counsel later received checks for their payment and the class members' $2,016.09 payment, and Byrne received his $1,066.76 payment. (Pl.'s Mot. at 3.)

On October 25, 2022, Byrne filed the pending motion for relief from the Court's order and judgment granting final approval of the settlement agreement. Byrne's motion addresses the appropriate manner in which class counsel should distribute the class members' $2,016.09 payment, which class counsel has deposited in a trust account pending resolution of this motion. (*See* Pl.'s Mot. at 3-5 & n.3; *see also* ECF No. 74-1 at 6.)

///

---

by the class to the *lesser of* $500,000 or [one] percent of the net worth of the debt collector") (citation omitted).

PAGE 3 – OPINION AND ORDER

## DISCUSSION

Byrne moves for relief from the Court's order and judgment granting final approval of the class action settlement agreement. (Pl.'s Mot. at 2.) As explained below, the Court grants Byrne's motion.

I.     APPLICABLE LAW

Rule 60(b)(5) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [when] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" *NLRB v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers Union, Loc. 433*, 891 F.3d 1182, 1187 (9th Cir. 2018) (simplified). Rule 60(b)(6)'s "catch-all provision," *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007), provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The moving party bears the burden of demonstrating that he is entitled to relief under Rule 60(b)(5) or 60(b)(6). *See Int'l Ass'n*, 891 F.3d at 1187 (addressing Rule 60(b)(5)); *Sales v. City of Tustin*, 739 F. App'x 462, 363 (9th Cir. 2018) (addressing Rule 60(b)(6)).

Rule 60(b)(5) "permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting FED. R. CIV. P. 60(b)(5)). "Rule 60(b)(5) . . . provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Id.* (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)); *see also Bianchi v. Perry*, 140 F.3d 1294, 1297 (9th Cir. 1998) ("There is a compelling public

PAGE 4 – OPINION AND ORDER

interest and policy in upholding and enforcing settlement agreements voluntarily entered into.") (simplified).

The Ninth Circuit has explained that Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60," and that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (simplified); *see also Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (explaining that the Rule 60(b)(6) "option is available only when Rules 60(b)(1) through (b)(5) are inapplicable," and that "[e]ven then, extraordinary circumstances must justify reopening [the case]") (citation omitted).

The Ninth Circuit has adopted the position that "Rule 60(b) permits in some cases re-opening settled litigation to enforce settlement agreements." *Id.* at 1044 n.11 (citing *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991)); *see also Keeling*, 937 F.2d at 410-11 (addressing Rule 60(b)(6) and noting that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and . . . justifies vacating the court's prior dismissal order").

**II.    ANALYSIS**

Byrne appears to seek to establish that pursuant to Rule 60(b)(5), prospective application of the Court's order and judgment granting final approval of the settlement agreement is no longer equitable. The Court agrees.

As an initial matter, the Court finds that it has jurisdiction to enter the relief Byrne seeks, because the undersigned retained continuing jurisdiction over implementation of the settlement agreement and distribution of the settlement payments. (ECF No. 99 at 2-4, 6; ECF 100 at 2.) *See*

PAGE 5 – OPINION AND ORDER

*Karlsson v. Troncale*, No. 20-55956, 2022 WL 101950, at *1 (9th Cir. Jan. 11, 2022) ("'[A] district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction,' . . . [but] '[i]f a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction[.]'" (quoting *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016), *as amended*)).

Pursuant to the terms of the settlement agreement, Oregon One was obligated to pay class members $8,504.69, or $54.14 per class member. (Pl.'s Mot. at 3.) In light of Oregon One's bankruptcy, dissolution, and breach of the settlement agreement, class counsel received only $2,016.09 to distribute to the class members, or $13.62 per class member. (*Id.*) The settlement agreement required Oregon One to pay for class notice and the distribution of funds to the class members, but Oregon One is now dissolved. (*Id.* at 4; *see also* ECF No. 74-1 at 6.) The settlement agreement was clear that Byrne, the class members, and class counsel "shall have no responsibility or liability relating to payment of administrative costs of the settlement." (ECF No. 74-1 at 6.)

Even if Byrne, the class members, or class counsel were inclined to pay for the administration and distribution of the $2,016.09 payment in question to the 157 class members, class counsel represents that those costs would exceed the distribution. (Pl.'s Mot. at 4.) Accordingly, class counsel proposes two possible solutions: (1) distribute the class members' payment to Byrne, which would result in a total recovery to Byrne of approximately $1,500 less than he was originally entitled to recover pursuant to the settlement agreement, or (2) distribute

the class members' payment to the National Association of Consumer Advocates ("NACA"), a consumer law nonprofit organization, as a *cy pres* award.[2] (*Id.* at 5.)

In light of the fact that the costs to administer and distribute the remaining payment are likely greater than the payment itself, there is no party responsible for paying those costs, and the payment to class members would amount to only $13.62 per class member, the Court finds that class counsel may instead distribute the $2,016.09 payment to Byrne. The settlement agreement obligated Oregon One to pay Byrne $1,000 in statutory damages and a $3,500 class representative fee, for a total payment of $4,500. To date, he has received only $1,066.76, and the additional $2,016.09 would result in a total payment of $3,082.85, which is less than the $4,500 he is due.

Although the settlement agreement anticipated a *cy pres* fund, the parties intended that the fund would result from the residual of the settlement fund after the class administrator made "all payments set forth in this Agreement[.]" (ECF No. 74-1 at 2, anticipating uncashed and returned checks.) Because Oregon One has not made all payments set forth in the settlement agreement, there is no residual to distribute. The Court therefore finds that distributing the remaining $2,016.09 to Byrne is more consistent with the terms of the settlement agreement, and is the most fair, reasonable, and adequate solution to the unfortunate circumstances present here.

For these reasons, the Court finds that applying the terms of the parties' settlement agreement, as incorporated in this Court's order approving the settlement agreement and final judgment, is no longer equitable as the result of Oregon One's bankruptcy, dissolution, and breach of the settlement agreement, that the balance of the equities supports distributing the

---

[2] "A *cy pres* award is used to distribute unclaimed portions of a class-action judgment or settlement funds to a charity that will advance the interests of the class." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 278 n.3 (6th Cir. 2016) (simplified).

$2,016.09 settlement payment to Byrne, and that Byrne sought this relief within a reasonable time. *See* FED. R. CIV. P. 60(b)(5). Therefore, pursuant to Rule 60(b)(5), the Court relieves the parties and their legal representatives from distributing the $2,016.09 payment to class members and authorizes class counsel to distribute that payment to Byrne.

## CONCLUSION

For the reasons stated, the Court GRANTS Byrne's motion for relief (ECF No. 101).

**IT IS SO ORDERED.**

DATED this 3rd day of April, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge